IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JESSICA RAMIREZ,

Plaintiff,                                                                  Case No. 1:19-cv-20216-JAL

vs.

OMBS SECURITY SYSTEM, LLC, a Florida
limited liability company, and ELLINGTON
OSBORNE,

    Defendants.
_____/

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
ISSUES NOT RAISED IN PLAINITFF'S COMPLAINT**

    COMES NOW the Defendants, OMBS SECURITY SYSTEM, LLC and ELLINGTON OSBORNE (collectively "Defendants"), by and through their undersigned counsel, and hereby file their *Defendants' Motion in Limine to Exclude Evidence of Issues Not Raised in Plaintiff's Complaint*, and state as follows:

    1.    At the deposition of the Plaintiff, JESSICA RAMIREZ ("Ramirez"), in this matter, Ramirez testified that the Defendants were improperly calculating overtime based on calculating for hours worked over 80 hours in a two-week period, as opposed to hours worked over 40 hours in a one-week period. Ramirez also solicited similar testimony from a non-party witness, Ana Nadal. Based on this testimony, it is apparent that Ramirez will seek to introduce this evidence at trial. However, this is not an issue previously alleged in Ramirez's pleadings and if Ramirez were permitted to introduce any such evidence, it would only serve to be unfairly prejudicial to Defendants.

2. The question of whether Defendants improperly calculated overtime based on 80 hours for a two-week period versus 40 hours for a one-week period is not at issue in this proceeding, such question is of no probative value, constitutes unfair surprise to Defendants, would be highly prejudicial to Defendants, and should be excluded from admission at the upcoming trial in this matter.

**A.     Case Background**

3. This matter arises from Ramirez's claims that the Defendants terminated her employment due to Sex/Pregnancy Discrimination and claims of unpaid wages in violation of the Fair Labor Standards Act ("FLSA").

4. In her Complaint, Ramirez' claim for unpaid wages is based on allegations that: (1) she was not paid for all hours worked; (2) that Defendants altered her time cards affecting the hours worked; (3) that Defendants subtracted time from Ramirez' hours worked for lunch breaks she never took; and (4) that Defendants subtracted time from Ramirez' hours worked for lunch breaks which Ramirez actually worked through. (DE 1 at ¶ 61-64).

5. Despite the fact that Ramirez' claims in this action are for actual unpaid hours, the deposition testimony of Ramirez and non-party Ana Nadal makes it apparent that Ramirez will now, at the final hour, attempt to claim that she is owed unpaid overtimes wages based on the assertion that the Defendants improperly calculated overtime wages over a two-week time period as opposed to calculating overtime wages over a one-week time period. Specifically, in an effort to skirt around Ramirez' inability to identify the actual dates that she is owed unpaid wages, Ramirez now wants to alter her claims to now assert that the calculations of her overtime wages were improper and she is owed additional overtime compensation for hours she was already paid.

6. Defendants fully expect Ramirez will attempt to enter into evidence at trial her and Ana Nadal's statements relating to the alleged improper overtime calculations and any such testimony is irrelevant, prejudicial, and not properly raised in this proceeding.

**B.** **Legal Argument**

7. "The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Chavez v. Arancedo*, no. 17-20003-CIV, 2017 WL 3025841, at *1 (S.D. Fla. July 17, 2017). The Rules permit the exclusion of relevant evidence when "the probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence." *Id; See also,* Fed. R. Evid. 403.

8. Defendants therefore seek to prohibit the presentation of testimony and/or other evidence regarding whether Defendants calculated Ramirez's overtime pay based on working over 80-hours in a two-week period or based on 40-hours in a one-week period. Any such statements or evidence constitute unfair surprise and prejudice of issues that Ramirez did not allege in her Complaint.

9. Indeed, Florida courts have held that a party will be precluded at trial from referring to, discussing or introducing any evidence concerning issues that were not alleged in the complaint because "a party cannot amend a complaint after the close of discovery unless she moves to amend under Fed. R. Civ. P. 15 and Fed. R. Civ. P. 16." *Castellanos v. Portfolio Recovery Assocs., LLC*, No.: 1:17-CV-20593-UU, 2017 WL 7796303, at *2 (S.D. Fla. Oct. 31, 2017); *Gilmore v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004); *See also Tucker v. Union of Needletrades,*

*Indus. & Textile Employees*, 407 F.3d 784, 789 (6th Cir. 2005) (affirming district court's refusal to consider new claim raised for first time on summary judgment).

10. Additionally, this Court has held that a motion in limine should be granted when a party fails to plead the factual basis for a new claim in the initial pleadings and attempts to raise new claims, at the last minute, prior to trial. *See Arnstein & Lehr LLP v. Etkin & Co., Inc.*, No. 15-CV-62703, 2017 WL 10399280, at *2 (S.D. Fla. Feb. 15, 2017). As this Court stated, in *Arnstein*, "[l]iberal pleading does not require that . . . defendants must infer all possible claims that could arise out of facts set forth in the complaint, and thus, 'a plaintiff may not raise new claims . . . through argument in a brief' submitted in the later stage of proceedings." *Id*; *See also Coon v. Georgia Pac. Corp*, 829 F.2d 1563, 1568 (11th Cir. 1987) (holding that "inclusion of claims in pretrial stipulation, mention of claims in discovery and the filing of motions concerning those claims were not a substitute for the factual allegations of a complaint under Federal rule of Civil Procedure 8(a).").

11. Moreover, allegations raise a new claim when they create a different theory of relief, such as a "new unpled theory of the case." *Cook v. CSX Transp., Inc.*, 557 F. Supp. 2d 1367, 1372 (M.D. Fla. 2008) (quoting *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006). The introduction of new facts that constitute a new unpled theory of the case involve the submission of any evidence that represent a fundamental change from the specific issues alleged in the initial pleadings and shift the attention away from the focus of the original allegations. *See Berene v. Nationstar Mortg. LLC*, 2016 WL 3787558, at *3 (S.D. Fla. June, 15 2016).

12. At no time has Ramirez sought leave to amend her complaint to allege this new theory for relief that she is owed overtime compensation as a result of the Defendants

miscalculating overtime wages over a two-week time period versus calculating overtime over a one week time period. The submission of new evidence to support Ramirez's new claims would create a new unpled theory of the case and shift the attention away from Ramirez's initial allegations asserted in her Complaint. Such evidence would be unfairly prejudicial in that Ramirez is expected to use such evidence to generally allege that Defendants failed to properly compensate Ramirez without any specificity as to what dates Ramirez claims she is owed overtime wages.

WHEREFORE the Defendants, OMBS SECURITY SYSTEM, LLC and ELLINGTON OSBORNE, respectfully requests that this Honorable Court enter an Order granting *Defendants' Motion in Limine to Exclude Evidence of Issues Not Raised in Plaintiff's Complaint* relating to the calculation of overtime wages, and for such other further relief that this Court deems proper.

### Rule 7.1 Certification

Pursuant to S.D. Fla. L.R. 7.1(a)(3), undersigned counsel certifies that prior to filing this Motion, on September 28, 2020, he conferred with counsel for the Plaintiff, Sunny Mullick, Esq., who represented that he objects to the relief sought in this motion.

By: */s/ Jonathan Smulevich, Esquire*
JONATHAN SMULEVICH, ESQ.
Florida Bar No. 108260

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of September, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the below service list.

By: */s/ Jonathan Smulevich, Esquire*
JONATHAN SMULEVICH, ESQUIRE
Florida Bar No. 108260
**LOWY AND COOK, P.A.**
169 E. Flagler Street, Suite 700
Miami, Florida 33131
Telephone: (305) 371-5585
Facsimile: (305) 371-5563
E-Mail: jonathan@lowypa.com

**SERVICE LIST**

Lowell J. Kuvin, Esq.
Sundeep K. Mullick, Esq.
Law Office of Lowell J. Kuvin
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel: (305) 358-6800
E-mail: lowell@kuvinlaw.com
E-mail: sunny@kuvinlaw.com
*Counsel for Plaintiff*