**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

JESSICA RAMIREZ,

       Plaintiff,                            Case No. 1:19-cv-20216-JAL

vs.

OMBS SECURITY SYSTEM, LLC, a Florida
limited liability company, and ELLINGTON
OSBORNE,

       Defendants.

_____/

## PLAINTIFF'S MOTION *IN LIMINE*

       Plaintiff, JESSICA RAMIREZ ("Plaintiff"), by and through undersigned counsel, hereby files her Motion *in Limine*, and as grounds therefor states:

       Plaintiff respectfully requests that the Court issue an Order that the Parties, counsel for the Parties and witnesses be instructed to refrain from asking about or mentioning at trial, either directly or indirectly, any of the matters contained in this Motion *in Limine*, and that the Court exclude from evidence at trial any testimony, documents or other evidence regarding the following matters pursuant to FRE 401, 402 & 403:

I. Reference to or inferences that it was Plaintiff's responsibility to keep accurate records.

II. Reference to or inferences that Plaintiff was responsible for keeping track of the days or number of hours she worked each week.

III. Reference to or inferences to Plaintiff's inability to recall specific dates when she worked overtime, was not properly paid or when her time was improperly cut by Defendant.

IV. Reference to or inferences that Plaintiff could not identify the dates of lunch breaks that she worked through while taking work related phone calls.

V. Reference to or inferences to whether Plaintiff could point to any dates during any pay period for which she was improperly deducted time for lunch breaks which she did not take.

VI. Reference to or inferences that Plaintiff cannot recall how much of her break would be occupied by phone calls or work related tasks from her employer or supervisor.

VII.   Reference to or inferences that Plaintiff has no documents or evidence to support what dates she was allegedly owed unpaid wages.

VIII.  Reference to or inferences that Plaintiff's claim for unpaid wages is based on speculation or vague estimates.

IX. Reference to or inferences that Plaintiff failed to use the clock to record her time because she did so in her own handwriting.

X. Reference to or inferences that because Plaintiff failed to use the clock to record her time that she was dishonest or "stealing" time.

XI. Reference to or inferences to any speculation regarding why Plaintiff wrote in the times she started work or when Plaintiff wrote in the times she finished work.

XII.   Reference to or inferences that Defendant did not know or should not have known that Plaintiff was working the hours that she did.

XIII.  References to Plaintiff's tax returns.

XIV.  References to whether Plaintiff properly paid her taxes in 2014, 2015, 2016 or 2017.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

XV.   References to Plaintiff's previous or subsequent employment history and post-employment actions to attack Plaintiff's character.

XVI.  Reference to or inferences to any other lawsuits in which Plaintiff was a party.

XVII. References to any hours worked prior to the relevant time period which is three (3) years from the date of filing the Complaint.

XVIII.        References to liquidated damages or attorney's fees and costs.

XIX.  References to any documents or information not previously produced by Defendant during the discovery phase except for impeachment or rebuttal documents and information.

XX.   References to Plaintiff's character or character evidence.

XXI.  References to Plaintiff's child or her other children.

XXII. References to Plaintiff marriage.

XXIII.        References or argument that it was necessary for Plaintiff to evacuate due to the hurricane.

XXIV.         Reference to or inferences to any speculation regarding when Plaintiff arrived for work or when Plaintiff left work.

XXV. Reference to or inferences to whether a damage award in Plaintiff's favor would force Defendant out of business or that other people would lose their jobs as a result.

XXVI.         Reference to or inferences to whether Defendant has or does not have insurance that may be applicable to this action.

## **ARGUMENT AND MEMORANDUM OF LAW**

## I.    **LEGAL STANDARD**

The Court has broad discretion to determine the admissibility of evidence. *See United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). "The real purpose of a motion in *limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial. A court has the power to exclude evidence in *limine* only when evidence is clearly inadmissible on all potential grounds." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, *1 (M.D. Fla. June 18, 2007) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

## II.    FEDERAL RULE OF EVIDENCE 403

Rule 403 provides that:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

## ARGUMENT

**Requests I- VIII:** (I) References to whether it was Plaintiff's responsibility to keep accurate records; (II) reference that Plaintiff was responsible for keeping track of the days or number of hours he worked each week; (III) references to Plaintiff's inability to recall specific dates when she worked overtime, was not properly paid or when her time was improperly cut by Defendant; (IV) references that Plaintiff could not identify the dates if lunch breaks she worked through while taking work related phone calls; (V) references to whether Plaintiff could point to any dates during any pay period for which she was improperly deducted time for lunch breaks she did not take; (VI) references that Plaintiff cannot recall how much of her break would be occupied by phone calls or

4

work related tasks from her employer or supervisor; (VII) references that Plaintiff has no documents or evidence to support what dates she was allegedly owed unpaid wages; and (VIII) references that Plaintiff's claim for unpaid wages is based on speculation or vague estimates.

As the Supreme Court dictated in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946):

> **An employee who brings suit under s 16(b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated.** The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has the duty under s 11(c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. **Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out his burden of proof.**
>
> When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. **But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be**

5

> **drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.** See Note, 43 Col.L.Rev. 355.

*Id.* at 686-88 (emphasis added).  *See also* 29 C.F.R. § 516.2 (record keeping requirements for employers under the FLSA).

Therefore, it was not Plaintiff's responsibility to keep accurate records or to keep track of the days or number of hours he worked each week.  As Defendant's records are inaccurate or incomplete, Plaintiff is entitled to testify regarding the amount and extent of her work as a matter of just and reasonable inference.

Similarly, Defendant should be precluded from arguing that: Plaintiff cannot recall specific dates when she worked overtime, was not properly paid or when her time was improperly cut by Defendant; Plaintiff could not identify the dates of lunch breaks that she worked through while taking work related phone calls; Plaintiff could point to any dates during any pay period for which she was improperly deducted time for lunch breaks which she did not take; Plaintiff cannot recall how much of her break would be occupied by phone calls or work related tasks from her employer or supervisor; that Plaintiff has no documents or evidence to support what dates she was allegedly owed unpaid wages; or that Plaintiff's claim for unpaid wages is based on speculation or vague estimates.

As it was Defendant's burden to keep accurate records and Defendant failed to do so, Plaintiff should not be penalized for not being able to recall specific dates from 2014 -2017 or for not having kept her own records of her time worked. [D.E. #1, ¶32].

**Request IX - XI:** (IX) References that Plaintiff failed to use the clock to record her time as she did so in her own handwriting; (X) references that because Plaintiff failed to use the clock to record her time that she was dishonest or "stealing" time; and (XI) references to any speculation regarding

6

why Plaintiff wrote in the times she started work or when Plaintiff wrote in the times she finished work.

Plaintiff testified that she while she did not use the time clock to record her time, she wrote her hours on a timecard in her own handwriting. Defendant should be precluded from arguing that Plaintiff failed to use the time clock as such an argument is irrelevant in view of Plaintiff's handwritten time entries. Similarly, Defendant should be precluded from speculating regarding why Plaintiff wrote in the times she started work or when Plaintiff wrote in the times she finished work. Defendant should also be precluded from arguing that because Plaintiff failed to use the clock to record her time that she was dishonest or "stealing" time. These arguments are not probative of any issues in this case and are unduly prejudicial. In addition, as set forth above, it was Defendant's duty to keep accurate records of Plaintiff's work time.

Erika Osborne testified on Defendant's behalf that Plaintiff was the only employee who was writing in the times that she arrived for work and the time that she stopped work each day. [D.E. #95, ¶30]. Ms. Osborne used this "fact" to portray Plaintiff as being dishonest and that perhaps she was stealing time (getting paid for work she did not perform) because she did not use the timeclock. When asked directly if other employees had written in their times instead of using the timeclock, Ms. Osborne stated "Only her." [D.E. #95, ¶30]. Plaintiff was not disciplined for writing the time she arrived and the time she finished work on her timecards. [D.E. #95, ¶34]. However, one of the timecards that Defendants produced for Plaintiff was a timecard for Jessica Rivera, [D.E. #94-3], a co-worker of the Plaintiff. Jessica Rivera's timecard clearly shows that Ms. Rivera was also writing in the time she arrived and the time she stopped working each day. *Id*. Therefore, Defendant should be precluded from arguing that because Plaintiff failed to use the clock to record her time that she was dishonest or "stealing" time.

**Request XII:** References that Defendant did not know or should not have known that Plaintiff was working the hours that she did. In analyzing whether an employer has actual knowledge of the employee's overtime work, knowledge of a supervisor will be imputed to the employer. *See Reich v. Dep't of Conservation & Nat'l Resources*, 28 F.3d 1076, 1082-83 (11th Cir. 1994). An employer is said to have constructive knowledge of an employee's overtime work when it has reason to believe the employee is working beyond his forty-hour shift. *See Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306, 1319 (11th Cir. 2007). An employer will also be deemed to have constructive knowledge if it had the opportunity to acquire knowledge by examining the conditions prevailing in his business. *See Reich*, 28 F.3d at 1082 ("An employer's knowledge is measured in accordance with his duty to inquire into the conditions prevailing in his business. An employer does not rid himself of the duty because the extent of his business may preclude his personal supervision, and compel reliance on his subordinates.").

In the instant case, Plaintiff and Ms. Osborne worked together in the same office. [D.E. #95, ¶57]. In order to go to lunch, Plaintiff was required to check out with Ms. Osborne. *Id*. at ¶49. Additionally, Plaintiff recalls several times that Ms. Osborne had to leave to pick up her child from school and the Plaintiff was left in the office and there were not any other employees to cover for her. *Id*. at ¶58. Erika Osborne was unable to either verify or point out any discrepancies regarding the time Plaintiff arrived or left work each day because she was not always present when the Plaintiff arrived or left work. [D.E. #95, ¶¶28-29 & 33]. Defendant should be precluded from arguing that it did not know or should not have known that Plaintiff was working the hours that she did.

**Requests XIII & XIV:** (XIII) References to Plaintiff's tax returns; (XIV) references to whether Plaintiff properly paid her taxes in 2014, 2015, 2016 or 2017.

8

Plaintiff believes that Defendants intend to introduce extrinsic evidence to impeach the general credibility of Plaintiff and impeach Plaintiff on a collateral matter set forth in her tax returns.  Eleventh Circuit precedent mandates that, under Fed.R.Evid. 608(b), extrinsic tax return evidence may not be used to collaterally attack the general credibility of a witness.  *See U.S. v. Costa*, 947 F.2d 919 (11th Cir. 1991)(citation omitted).  In *U.S. v. Calle*, 822 F.2d 1016, 1021 (11th Cir. 1987), the Eleventh Circuit specifically held that impeachment with tax returns is prohibited as "attempted excursions into collateral matters." *Id*. at 1020.

The exclusion rule is set forth in the Advisory Committee Notes to the 2003 amendments for Rule 608(b) committee:

> The Rule has been amended to clarify that the absolute prohibition on extrinsic evidence applies only when the sole reason for proffering that evidence is to attack or support the witness' character for truthfulness…. The amendment conforms the language of the Rule to its original intent, which was to impose an absolute bar on extrinsic evidence only if the sole purpose for offering the evidence was to prove the witness' character for veracity.

(citations omitted).

This Court has held that the use of tax returns for impeachment purposes are inadmissible as extrinsic collateral evidence.  *See Ortiz v. Santuli Corp.*, 08-20218-CIV, 2009 WL 2382144 (S.D. Fla. Aug. 3, 2009):

> … the undersigned concludes that Defendants shall be precluded from suggesting that Plaintiffs failed to pay income taxes because such evidence will likely create undue prejudice in the minds of the jurors; and, it will likely give rise to collateral disputes-including the extent of Plaintiffs' reporting obligations regarding such taxes-that will cause undue delay and confusion of the issues. Thus, Plaintiffs' motion in limine to preclude Defendants from introducing evidence that Plaintiffs failed to pay income taxes is GRANTED.

*Id*. at *1 (emphasis added).  *See also Uto vs. Job Site Services, Inc.*, 269 F.R.D. 209, 212 (E.D.N.Y. 2010)("I find that plaintiffs' income tax returns are not relevant to their FLSA claims, which are

9

the crux of their Complaint."); *Dyett v. North Broward Hospital District*, 2003 WL 5320629 (S.D Fla. 2003)(tax information sought "is irrelevant in any sense" to an FLSA claim).

Plaintiff's income tax returns are irrelevant because they are not probative of an issue in the case.  The issues relevant to this case are Plaintiff's employment period, the hours worked, her hourly rate, whether she was properly paid, whether she was subject to sex/pregnancy discrimination and the joint employer relationship.

**Request XV:** References to Plaintiff's previous or subsequent employment history and post-employment actions to attack Plaintiff's character.  Unless Plaintiff offers character evidence of her own good character, Defendant should be precluded from any references to Plaintiff's character or to Plaintiff's prior or subsequent employment history and post-employment actions for the purpose of attacking Plaintiff's character.  FRE 404 & 405.  Plaintiff anticipates that Defendant will attempt to argue to the jury that Plaintiff was "greedy" and that she left her previous employment or her employment with Defendant to be able to earn more money at other jobs.  Any such references would be irrelevant to Plaintiff's claims and the defenses thereto, and the probative value of such testimony would not outweigh its unfairly prejudicial effect.  Therefore, any reference to same should be excluded.

Similarly, Defendant may attempt to portray Plaintiff as lazy or unwilling to find new jobs. Such references would be improper character evidence. FRE 404 & 405.  Also, the probative value of any such testimony would not outweigh its unfairly prejudicial effect.  Accordingly, any reference to same should be excluded.  *See Smith v. Specialty Pool Contractors*, 2009 WL 799748, at *3 (W.D. Pa. 2009), on reconsideration, 02: 07-CV-1464, 2009 WL 909246 (W.D. Pa. Mar. 27, 2009).

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

**Request XVI:** References to any other lawsuits in which Plaintiff was a party.  Any prior lawsuits in which Plaintiff was a party are irrelevant, not probative and unduly prejudicial.  Plaintiff believes that Defendant will attempt to portray Plaintiff as over litigious or as a serial litigant.  *See Yguala Pupo v. Riviera Loft Hotel LLC*, 17-20565-CIV, 2018 WL 280789, at *1 (S.D. Fla. Jan. 3, 2018)(granting motion in *limine* to exclude references to prior lawsuits).

**Request XVII:** References to any hours worked prior to the relevant time period which is 3 years from the date of filing the Complaint.  Any such testimony is outside the applicable statute of limitations and therefore irrelevant and not probative of any issues in this case.

**Request XVIII:** References to liquidated damages or attorney's fees and costs.  The issue of attorney's fees and costs is decided by the court post-trial. The Eleventh Circuit Pattern Jury Instructions no longer contains an instruction on attorney's fees. Similarly, reference to liquidated damages is a post-trial event which bears no relevant to the issue at trial.  Any relevance is outweighed by prejudice under Rule 403. Courts regularly excludes reference to these two issues. As explained in *Gordils v. Ocean Drive Limousines, Inc.*, 12-24358-CV, 2014 WL 4954141 (S.D. Fla. Oct. 2, 2014):

> There is no longer any basis, not even in closing argument, to refer to attorneys' fees and costs to the jury. *Dingman v. Cart Shield USA, LLC,* 12–20088–CIV, 2013 WL 3353835 (S.D.Fla. July 3, 2013) (ordering defendants in an FLSA case not to refer to attorneys' fees and costs at trial); *Tapia v. Florida Cleanex, Inc.,* No. 09–21569–CIV, ECF No. 126 (S.D.Fla. Mar. 27, 2013) (same). The parties must not refer to attorneys' fees and costs before the jury.
>
> &ast;  &ast;  &ast;
>
> Arguments may be made to the jury about good faith or willfulness so that the jury's finding on that issue of fact may form the basis for a Court's awarding liquidated damages; but there is no legal basis to allow parties to refer to liquidated damages before the jury. *See Dingman,* 2013 WL 3353835, at *1 (ordering defendants in an FLSA case not to refer to liquidated damages at

11

trial); *Tapia,* No.   09–21569–CIV,   ECF   No.   126,   p.   2 (same); *Palma,* 2011 WL 6030073, at *1 (same). Furthermore, it could be unduly prejudicial-with no probative value-for the jury to hear that Plaintiffs may be awarded double damages if the jury finds that Defendants acted willfully. The parties must not refer to liquidated damages before the jury.

*Id*. at *1.  *See also Chavez v. Arancedo*, 2018 WL 4627302, at *3 (S.D. Fla. 2018)(same).

**Request XIX:** References to any documents or information not previously produced by Defendant during the discovery phase except for impeachment or rebuttal documents and information. Plaintiff anticipates that Defendant will attempt to refer to and/or offer into evidence documents or information not previously produced by Defendant during the discovery phase in response to Plaintiff's several inquiries.  Defendant should be precluded from doing so as such would constitute a discovery violation and unfair surprise.  The only exception to this request is documents or information used solely for impeachment or rebuttal purposes.

**Request XX:** References to Plaintiff's character or character evidence.  Unless Plaintiff offers character evidence of her own good character, Defendant should be precluded from any references to Plaintiff's character for the purpose of attacking Plaintiff's character.  FRE 404 & 405.  Any such references would be irrelevant to Plaintiff's claims and the defenses thereto, and the probative value of such testimony would not outweigh its unfairly prejudicial effect.  Therefore, any reference to same should be excluded.

**Requests XXI & XXII:** (XXI) References to Plaintiff's child or her other children and (XXII) references to Plaintiff marriage.  Other than mentioning that Plaintiff was pregnant while employed by Defendant and that she did have a child as a result of that pregnancy, Defendant should be precluded from offering any evidence regarding Plaintiff's children or Plaintiff's marriage as such matters are irrelevant and not probative of any issues in this case.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

**Request XXIII:** References or argument that it was necessary for Plaintiff to evacuate due to the hurricane.  In that Defendant, ELLINGTON OSBORNE testified at his deposition that he gave Plaintiff permission to not come to work because of an imminent hurricane whether Plaintiff evacuated or sheltered at home is irrelevant.  Moreover, Mr. Osborne testified that Plaintiff taking time off due to the hurricane was not a factor in his decision to terminate her employment.

**Request XXIV:** References to any speculation regarding when Plaintiff arrived for work or when Plaintiff left work.  Erika Osborne, Plaintiff's supervisor, was unable to either verify or point out any discrepancies regarding the time Plaintiff arrived or left work each day because she was not always present when the Plaintiff arrived or left work.  [D.E. #95, ¶¶28-29 & 33].  Unless one of Defendant's witnesses has actual personal knowledge of Plaintiff arrived for work or when Plaintiff left work, Defendant should not be permitted to speculate as to same.  Similarly, unless Defendant has time records showing when Plaintiff arrived for work or when Plaintiff left work, Defendant should not be permitted to speculate as to same.

**Request XXV:**  References to whether a damage award in Plaintiff's favor would force Defendant out of business or that other people would lose their jobs as a result. Any such reference would be improper, would unnecessarily confuse the jury and be unfairly prejudicial to Plaintiff.  As such evidence and testimony are irrelevant to this case and the probative value of such testimony would not outweigh its unfairly prejudicial effect, any reference to same should be excluded.

**Request XXVI:** Reference to whether Defendant has or does not have insurance that may be applicable to this action.  Any such reference would be improper, would unnecessarily confuse the jury and be unfairly prejudicial to Plaintiff.  As such evidence and testimony are irrelevant to this case and the probative value of such testimony would not outweigh its unfairly prejudicial effect, any reference to same should be excluded.

13

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the instant Motion in its entirety, exclude the aforementioned matters from trial as set forth herein, and grant Plaintiff such other and further relief as this Court deems just and proper.

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1A.3

I hereby certify that counsel for the movant conferred with Defendants' counsel in a good faith effort to resolve the issues raised herein.  Defendant opposes all of the relief sought herein.

Respectfully submitted this 28th day of September, 2020

By: s/ Lowell J. Kuvin
Lowell J. Kuvin, Esq.
Florida Bar No. 53072
lowell@kuvinlaw.com
sunny@kuvinlaw.com
*Law Office of Lowell J. Kuvin, LLC*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 28, 2020, I electronically filed the foregoing document via CM/ECF which will automatically send a copy of the foregoing to all counsel of record.

By: ___ s/ Lowell J. Kuvin
Lowell J. Kuvin

14